IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LADESSIA I. ABERNATHY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-07-034-KEW |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Ladessia I. Abernathy (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED AND REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any

1

other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

Claimant was born on December 28, 1962 and was 43 at the time of the hearing. She has an eighth grade education. Claimant has worked as a livestock attendant, kitchen helper, cook, sewing machine operator, and tree trimmer helper. Claimant alleges an inability to work on February 2, 2005 due to pain and numbness in her hands and legs and stress related problems. Claimant's last date of insured status was June 30, 2006.

**Procedural History**

On March 1, 2005, Claimant filed for disability benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. Claimant appeared at a hearing before ALJ Lantz McClain on February 28, 2006 in McAlester, Oklahoma. By decision dated April 1, 2006, the ALJ found that Claimant was not disabled at any time through the date of the decision. The Appeals Council denied Claimant's request for review on November 27, 2006. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and Claimant retained the residual functional capacity ("RFC") to perform her past relevant work as a livestock attendant.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error requiring reversal in (1) failing to appropriately develop the record to determine the nature and demands of her past relevant work; (2) concluding that Claimant retained the RFC to perform the physical and mental demands of her past relevant work; and (3) determining Claimant could perform skilled work.

## Development of the Record

Claimant asserts the ALJ erred by failing to develop the record regarding the nature and demands of her past relevant work as a livestock attendant. Here, the ALJ denied benefits based on the conclusion Claimant had past relevant work that was performed at the light level. Testimony was presented by a Vocational Expert ("VE"). Claimant argues the ALJ erred by failing to elicit information concerning the manner in which she actually performed her job prior to forming hypothetical questions to the VE that formed the basis for his decision.

At step four of the sequential evaluation, the relevant analysis requires the ALJ to determine whether the claimant is able to return to his past relevant work. Although the burden of proof rests with the claimant to show that an impairment precludes a return to past relevant work, the ALJ has a "duty of inquiry and factual development" to develop the record as to the demands of past relevant work. Winfrey v. Chater, 92 F3d 1017, 1024 (10th Cir. 1996). The ALJ is required to make a function-by function analysis of any past relevant work and make specific findings at each phase of the analysis. See, Soc. Sec. R. 96-8p.

Claimant testified at the hearing. She was unrepresented by counsel but did appear with non-attorney. Claimant's testimony did not address any of her past relevant work. (Tr. 207-215). Testimony was also provided by a VE who stated that she had examined Claimant's file and did not need any additional information. (Tr. 217). The VE listed Claimant's past relevant

4

work as a live stock yard attendant, she performed that at two different times. It's heavy according to the DOT with a SVP of 2, its unskilled, as performed, one of the positions was medium and one was light, one of the jobs she was just feeding cattle, it stated she didn't have to lift anything but she did have to be on her feet. She worked also as a kitchen helper, medium, with an SVP of 2, it's unskilled. She worked as a cook, it's medium with an SVP of 5, it's skilled. She worked as a sewing machine operator, light with an SVP of 5, it's skilled, and lastly as a tree trimmer helper, medium, with an SVP of 2, it's unskilled." Id.

The ALJ addressed the testimony from the VE in his decision. He found that "the vocational expert testified that claimant's past work as livestock attendant was 'light' in the exertional requirement, as claimant performed that job, but heavy as described in the Dictionary of Occupational Titles, (DOT) and as generally performed in the economy." (Tr. 20). Further, "the tasks performed in this job as claimant previously performed that work matches the claimant's residual functional capacity." The ALJ agreed with the VE's testimony "that, given a residual functional capacity to perform 'light' work as described above, the claimant can perform her past relevant work of livestock attendant as she previously performed it." Id.

Claimant's work history report lists her work in the stockyard as a laborer for nine months in 2004. (Tr. 111). Job duties were listed as "pin (sic) cows, clean pins (sic)." Claimant was required to lift and carry a block of hay and feed sacks approximately 10 feet on two days per week. Of each eight hour workday, Claimant was required to walk 25% of the day; stand 25% of the day; sit 10% of the day; kneel 10% of the day; crouch 10% of the day; and handle, grab, or grasp big objects 20% of the day. The heaviest weight lifted was 50 lbs. with frequent lifting of 25 lbs. Claimant reported her rate of pay at $6.00 per hour for eight hours per day and

five days per week. (Tr. 112). Also listed was work as a laborer in the stockyard from 1998-1999. (Tr. 111). This job was described as "pin[ning] (sic) cattle." Walking was required for 50% of the day; standing was required 40% of the day; handling, grabbing, or grasping big objects was required 5% of the day; and reaching was required 5% of the day. Lifting and carrying was not required. The heaviest weight required to be lifted was less than 10 lbs. with frequent lifting of less than 10 lbs. Claimant reported the rate of pay at $7.00 per hour for six hours per day and one day per week. (Tr. 115).

The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability is nonadversarial, however, and the ALJ bears the responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-361 (10th Cir. 1993). "In a step four proceeding, this duty requires the ALJ to review the claimant's residual functional capacity 'and the physical and mental demands of the work [she has] done in the past.' Id. (quoting 20 C.F.R. § 404.1520(e)). Past relevant work is defined as "work that (1) occurred within the past fifteen years (the so-called recency requirement), (2) was of sufficient duration to enable the worker to learn to do the job (the so-called duration requirement) and (3) was substantial gainful employment." Jozefowicz v. Hecker, 811 F.2d 1352, 1355 (10th Cir. 1987) citing 20 C.F.R. § 416.965(a).

The transcript of the hearing before the ALJ reveals there was no inquiry regarding the physical and mental demands associated with the position of light work as a cattle penner. This

court is specifically concerned with the ALJ's lack of inquiry regarding the durational requirement of a job that was only performed one day per week for six hours per day. On remand, the ALJ shall develop an adequate record at step four of the sequential evaluation.

Because his determination regarding past relevant work is not based on substantial evidence, the ALJ's other decision regarding Claimant's ability to perform skilled work is also flawed.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 15th day of November, 2007.

_____
KIMBERLY E. WEST
U.S. MAGISTRATE JUDGE